UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

Civil Action No. 11-102-HRW

RONALD GENE SCHAEFFER, PLAINTIFF,

v.     MEMORANDUM OPINION AND ORDER

GARY BECKSTROM, *et al.*, DEFENDANTS.

This matter is before the Court upon Defendants' Motion for Rule 11 Sanctions [Docket No. 24]. The Plaintiff has not responded to this motion and the time for doing so has passed.

If, for no other reason, it would be entirely proper to sustain the Defendants' motion based upon Plaintiff's failure to respond to it. Rule 7.1 ( c )(1) of the joint Local Rules of the Eastern and Western Districts of Kentucky specifically states that "[f]ailure to file an opposing memorandum may be grounds for granting [a] motion." The Court has reviewed the Defendants' motion and the record herein, nonetheless. It appears that Defendants' motion should be sustained on its merits as well.

Plaintiff instigated this civil action alleging that during incarceration at the Eastern Kentucky Correctional Complex, he was raped and sodomized by three prison guards.

In his Complaint, Plaintiff alleges that he was sexually assaulted by 3 guards on May 10, 2011, August 22, 23, 24 and 25 2011. To his Complaint, Plaintiff attached an alleged medical Accident/ Extraordinary Occurrence Report dated "5/10/11." The patient statement on the report states: "Inmate states "Another inmate hit me in the face with handcuffs.""

The report also details an alleged examination for sexual assault finding genital injuries

and semen evidence. The notes made on the report also allege that the Plaintiff sustained a "heart attack" and "we almost lost him." Plaintiff refers to the report in the body of the Complaint stating: "There is a medical report that contained semen in my rectum."

Defendants submitted a contradictory report with the Court, reflecting the May 10, 2011 assault on Plaintiff. This report shows that the Plaintiff was assaulted by a fellow inmate on May 10, 2011 and that the incident was captured on video surveillance.

The video shows that Plaintiff was beaten by an inmate during showering, and then escorted to the medical department for examination. There was no allegation of sexual assault by a guard nor was any such act seen on the video.

At some point thereafter, Plaintiff requested a copy of the May 10 report, stating that he was going to sue the prison.

The medical report provided to the Plaintiff is identical to the medical report attached to the Complaint, except that Plaintiff's version contains the sexual assault, semen evidence, and heart attack information.

Defendants contend that Plaintiff's claims are factually false and by presenting the same to the Court, he has abused the judicial process. Defendants argue that sanctions are warranted. The Court agrees.

Federal Rule of Civil Procedure 11 imposes upon litigants a continuing obligation to refrain from pursuing meritless or frivolous claims during the course of Court proceedings. *Merritt v. International Association of Machinists and Aerospace Workers*, 613 F.3d 609, 626 (6th Cir. 2010). Rule 11 requires some extent of pre-filing inquiry into the facts and the law in order to satisfy one's duty under the Rule. *See generally, Century Products Inc. v. Sutter*, 837

F.2d 247 (6th Cir. 1988).

Under Federal Rule of Civil Procedure 11, sanctions may be imposed if "a reasonable inquiry discloses the pleading, motion, or paper is (1) not well grounded in fact, (2) not warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, or (3) interposed for any improper purpose such as harassment or delay." *Herron v. Jupiter Transportation Co.*, 858 F.2d 332, 335 (6th Cir. 1988).

In this case, Plaintiff submitted false information to the Court. Specifically, he attached a medical report to his Complaint that contains false, and possibly forged, information, presenting it as evidence. However, having reviewed both reports submitted by Plaintiff and, subsequently, Defendants, it appears that Plaintiff's claims against Defendants are at worst, false and, at best, suspiciously contradictory. The claims alleged in the Complaint are certainly not "well grounded in fact." Although Plaintiff's motives are unknown, it seems unlikely that his purpose in bringing this lawsuit is proper. Rather, his conducts smacks of bad faith and a disregard for the judicial process.

The fact that Plaintiff filed this civil action *pro se* does not relieve him from compliance with the strictures of Rule 11. *See generally, Woolum v. Seabold*, 902 F.2d 1570 (6th Cir. 1990). Indeed, in 1983 the Rule was revised, eliminating the exemption of unrepresented litigants. Previously applicable only to attorneys, the Rule, in its current form, applies to an "attorney *or party*." Fed.R.Civ.Proc. 11 (emphasis added). As such, Plaintiff is within Rule 11's reach.

Based upon Plaintiff's violation of Rule 11, the Court finds that sanctions should be imposed and must be severe. Moreover, his failure to respond to the Defendants' Motion for Sanctions leads the Court to believe he has abandoned his claims. Therefore, dismissal is

3

warranted.

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion for Rule 11 Sanctions [Docket No. 24] be **SUSTAINED. IT IS FURTHER ORDERED** that this matter be **DISMISSED WITH PREJUDICE.**

This 2nd day of August. 2012.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge